J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20,
J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

2020 PA Super 260

| | | |
|---|---|---|
| DONALD M. FICARRA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 2420 EDA 2018 |

Appeal from the Order Entered June 6, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  September Term, 2017 No. 001077

| | | |
|---|---|---|
| JAMES KLINE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 296 EDA 2019 |

Appeal from the Order Entered November 21, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  171203034

| | | |
|---|---|---|
| WILLIAM BROWN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 298 EDA 2019 |

Appeal from the Order Entered December 6, 2018

J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20,
J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171102640

| | | |
|---|---|---|
| BARBARA MOORE, PERSONAL REPRESENTATIVE FOR THE ESTATE OF DERWOOD MOORE, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC. & CONSOLIDATED RAIL CORPORATION, | : : : : : | |
| Appellants | : | No. 469 EDA 2019 |

Appeal from the Order Entered December 6, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171000750

| | | |
|---|---|---|
| ROBERT BZINAK, SR., | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC. AND CONSOLIDATED RAIL CORPORATION, | : : : : : | |
| Appellant | : | No. 540 EDA 2019 |

Appeal from the Order Entered October 25, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 170901094

| | | |
|---|---|---|
| ANNE MASON, PERSONAL REPRESENTATIVE FOR THE ESTATE | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

- 2 -

J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20, J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

| | | |
|---|---|---|
| OF JOHN T. MASON, | : | |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 583 EDA 2019 |

Appeal from the Order Entered November 27, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  02942 September Term, 2017

| | | |
|---|---|---|
| WILLIAM R. ANDERSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 1748 EDA 2019 |

Appeal from the Order Entered March 5, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  170801984

| | | |
|---|---|---|
| GARY S. DELORETO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC., CONSOLIDATED RAIL CORPORATION, AND CSX TRANSPORTATION, INC. | : | |
| | : | |
| APPEAL OF: CSX TRANSPORTATION, INC. AND CONSOLIDATED RAIL CORPORATION AND AMERICAN PREMIER UNDERWRITERS, INC. | : | No. 1808 EDA 2019 |

- 3 -

J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20, J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

Appeal from the Order Entered April 29, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171203297

| | | |
|---|---|---|
| DAVID P. GARCEAU, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION, | : | |
| | : | |
| Appellant | : | No. 1840 EDA 2019 |

Appeal from the Order Entered March 5, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171202371

BEFORE: LAZARUS, J., KING, J. and STRASSBURGER, J.[*]

OPINION BY STRASSBURGER, J.: **FILED OCTOBER 27, 2020**

By *per curiam* orders, this Court granted the petitions for review filed by appellants, Consolidated Rail Corporation (Conrail), Penn Central Corporation a/k/a American Premier Underwriters, Inc. (Penn Central), and CSX Transportation, Inc. (CSX) (collectively, Railroad Defendants), in nine cases then pending against Railroad Defendants in the Court of Common Pleas of Philadelphia County. The underlying cases involve complaints filed against Railroad Defendants by former employees (collectively, Plaintiffs) under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, based upon injuries allegedly sustained while Plaintiffs worked for Railroad

---

[*] Retired Senior Judge assigned to the Superior Court.

- 4 -

Defendants on sites outside of Pennsylvania.[1] Railroad Defendants filed a motion to dismiss each of the nine complaints based on the doctrine of *forum non conveniens*, 42 Pa.C.S. § 5322(e), to allow for re-filing in a more appropriate forum. The trial court denied all nine motions to dismiss.[2] Upon review, we reverse the orders denying the motions to dismiss at 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019, and remand for proceedings consistent with this opinion. We affirm the order denying the motion to dismiss at 1748 EDA 2019.

Because the parties are familiar with the underlying procedural and factual histories of these nine cases, we summarize briefly the relevant portions thereof for purposes of this appeal. Briefly, Plaintiffs sued their respective former employers, which are various Railroad Defendants,

---

[1] Actions under FELA

> may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

45 U.S.C. § 56. Instantly, it is undisputed that Railroad Defendants do business in Pennsylvania and that venue is proper in Philadelphia County.

[2] In each case, Railroad Defendants filed a motion to amend the order denying the motion to dismiss to allow for an interlocutory appeal. The trial court denied those motions. As noted *infra*, Railroad Defendants then filed petitions for review with this Court, which we granted pursuant to 42 Pa.C.S. § 702(b). Accordingly, we have jurisdiction to consider these appeals.

asserting that under FELA Railroad Defendants failed to provide a safe workplace in the past. All Plaintiffs worked at sites managed by Railroad Defendants between the years of 1953 and 2012. All Plaintiffs worked outside of Pennsylvania. None of Plaintiffs resides in Pennsylvania.

Railroad Defendants filed motions to dismiss in each case based on *forum non conveniens* and attached affidavits in support. Specifically, Railroad Defendants listed the following private and public interest factors: (1) none of the potential fact witnesses or sources of proof resides in Pennsylvania; (2) Railroad Defendants will be unable to avail themselves of compulsory process for attendance of unwilling witnesses; (3) high cost of obtaining attendance of willing out-of-state witnesses; (4) inability for the fact-finder to view easily Plaintiffs' work premises; and (5) burden on Philadelphia courts, taxpayers, and jury pool. ***E.g.***, Conrail's Motion to Dismiss (Ficarra), 3/20/2018, at 7-8.[3]

---

[3] While we cite solely to Conrail's motion in Donald Ficarra's case here, Railroad Defendants' motions to dismiss raise the same private and public interest concerns, and therefore this motion is representative of the reasons proffered in the remaining eight cases. Additionally, with the exception of 1748 EDA 2019, the trial court opinions in these cases are practically identical, with minor changes relative to the individual procedural and factual histories. Similarly, the briefs filed by the parties are substantially similar with regard to the underlying issues. Accordingly, when citing the trial court's analysis in 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019, we will refer to only one trial court opinion when it is representative of the other seven. We will do the same with party briefs and motions where appropriate. When doing so, we will preface the citation with "***E.g.***"

Plaintiffs argued in response that they intended to call Marcia Comstock, William Barringer, Ramon Thomas, and Paul Kovac, all of whom used to work at Conrail's headquarters in Philadelphia, to provide "evidence regarding related business activities that were made in Philadelphia at Conrail's headquarters."[4] **E.g.**, Ficarra's Response to Motion to Dismiss, 4/9/2018, at ¶ 14; **see also id.** at ¶¶ 7-8, 13, 30(a); Memorandum of Law in Support of Ficarra's Response, 4/9/2018, at 8 (stating that Ficarra intends to call Comstock, who lives in Wayne, PA and worked in Philadelphia, as well as Barringer, Thomas, and Kovac, who worked in Philadelphia, as fact witnesses).[5] Railroad Defendants assailed Plaintiffs' invocation of these witnesses as an attempt to connect their cases to Pennsylvania without stating the relevance or need for the witnesses' testimony. The trial court held hearings on some of the motions to dismiss, and ultimately denied all nine motions. In denying the motions to dismiss, the trial court found that Railroad Defendants did no more than offer "bare assertions" about potential witnesses who lived exclusively in the states where Plaintiffs lived and worked, *i.e.*, not in Pennsylvania, which did not constitute sufficient "weighty reasons" to alter Plaintiffs' choices of forum.

---

[4] Plaintiffs allege that Conrail employed Comstock as a medical director, Barringer as a safety director, Thomas as an industrial hygienist, and Kovac as an occupational claims manager. **E.g.**, Ficarra's Response to Motion to Dismiss, 4/9/2018, at ¶ 7.

[5] We note some Plaintiffs mentioned these four witnesses for the first time in their responses to Railroad Defendants' motions to dismiss, and some listed them previously in response to Railroad Defendants' interrogatories.

J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20, J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

These appeals by Railroad Defendants followed.[6] In light of **Wright v. Consol. Rail Corp.**, 215 A.3d 982 (Pa. Super. 2019), a case decided by this Court after the entry of the orders denying the motions to dismiss and discussed *infra*, the trial court now believes that it erred in how it considered Railroad Defendants' evidentiary burden. Following a re-evaluation in light of **Wright**, the trial court believes that Railroad Defendants presented sufficient weighty reasons to alter Plaintiffs' choices of forum in 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019, and asks us to remand those cases for dismissal on the grounds of *forum non conveniens*, and to allow Plaintiffs to re-file in an appropriate forum.[7] **E.g.**, Trial Court Opinion (Garceau), 9/20/2019, at 1. In 1748 EDA 2019, the trial court asks us to affirm its order denying the motion to dismiss, despite re-evaluation under **Wright**, because that case is trial-ready.

### 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, 1840 EDA 2019

We begin with the eight cases where the trial court requests remand in order to grant Railroad Defendants' motions to dismiss. Plaintiffs oppose remand, arguing that it is an attempt to control where railroad employees

---

[6] Railroad Defendants complied with Pa.R.A.P. 1925(b) either by filing concise statements as ordered, or not filing one because none was ordered. The trial court filed Pa.R.A.P. 1925(a) opinions.

[7] We "lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state." **Wright**, 215 A.3d at 991 n.4 (citation omitted).

- 8 -

may file FELA cases, and that Railroad Defendants offered insufficient facts for this Court to determine the trial court initially abused its discretion. ***E.g.***, Ficarra's Brief at 8, 10. At the crux of these cases is Plaintiffs' intent to call as fact witnesses four former Conrail employees who worked in Conrail's Philadelphia office: Comstock, Barringer, Thomas, and Kovac. ***E.g.***, ***id.*** at 14. On appeal, Plaintiffs claim that Comstock, Thomas, and Kovac reside in Pennsylvania. ***E.g.***, ***id.*** Additionally, Plaintiffs argue forum is proper because Philadelphia courts have experience with FELA matters. ***E.g.***, ***id.*** Contrarily, Railroad Defendants claim Philadelphia courts are overburdened with FELA cases where the alleged injuries occurred outside Pennsylvania, and that only Comstock undisputedly resides in Pennsylvania. ***E.g.***, Conrail's Brief (Ficarra) at 20, 27-28. Notably, based on the records before it, as established by Plaintiffs[8] and Railroad Defendants, the trial court concluded that only Comstock undisputedly resides in Pennsylvania. ***E.g.***, Trial Court Opinion (Ficarra), 8/22/2019, at 7 n.3.

> We begin with our standard of review.
>
> Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.
>
> An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When

---

[8] As will be discussed *infra*, Anderson is the only plaintiff who averred below that Kovac also lived in Pennsylvania. Accordingly, that averment was not part of the trial court records in these eight cases.

reviewing for errors of law, the appellate standard of review
is *de novo* and the scope of review is plenary.

In Pennsylvania, the doctrine of *forum non conveniens*, which
originated in Common Law, has been codified by statute:

> **Inconvenient forum.**—When a tribunal finds that in
> the interest of substantial justice the matter should
> be heard in another forum, the tribunal may stay or
> dismiss the matter in whole or in part on any
> conditions that may be just.

42 Pa.C.S.[] § 5322(e).

Application of the *forum non conveniens* doctrine in an interstate
context solves the "problem ... that plaintiffs may bring the suit
in an inconvenient forum in the hope that they will secure easier
or larger recoveries or so add to the costs of the defense that
the defendant will take a default judgment or compromise for a
larger sum." ***Norman v. Norfolk & W. Ry. Co.,*** [] 323 A.2d
850, 854 ([Pa. Super.] 1974).

***Hovatter v. CSX Transp., Inc.***, 193 A.3d 420, 424 (Pa. Super. 2018)

(some citations and quotation marks omitted).

> The doctrine of *forum non conveniens* provides the court with a
> means of looking beyond technical considerations such as
> jurisdiction and venue to determine whether litigation in the
> plaintiff's chosen forum would serve the interests of justice
> under the particular circumstances.
>
> The two most important factors the trial court must apply when
> considering whether dismissal is warranted are that 1.) the
> plaintiff's choice of forum should not be disturbed except for
> 'weighty reasons,' and 2.) there must be an alternate forum
> available or the action may not be dismissed.

***Robbins for Estate of Robbins v. Consol. Rail Corp.***, 212 A.3d 81, 87

(Pa. Super. 2019) (footnote, citation, and quotation marks omitted).

Instantly, Railroad Defendants have "stipulated that they will accept

service of process in an appropriate forum [and] will not plead the defense

of statute of limitations in the new action." ***E.g.***, Trial Court Opinion (Ficarra), 8/22/2019, at 5 n.2. Accordingly, because there is an alternate forum available,[9] the second factor is not at issue. We instead focus on the "weighty reasons" factor in the trial court's analysis of Railroad Defendants' motions to dismiss for *forum non conveniens*.

"[A] court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." ***Robbins***, 212 A.3d at 87 (citation omitted).

> To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. …
> They are:
>
>> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.
>
> * * *
>
>> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested

---

[9] Specifically, the trial court posits that dismissal would allow Plaintiffs to re-file in Indiana (296 EDA 2019), Massachusetts (583 EDA 2019), Michigan (469 EDA 2019), New York (2420 EDA 2018, 298 EDA 2019, 540 EDA 2019, 1840 EDA 2019), and Rhode Island (1808 EDA 2019).

> centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial … in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

**Hovatter**, 193 A.3d at 425 (citations omitted).

In its Rule 1925(a) opinions, the trial court explained its initial reasoning for denying the motions to dismiss as follows.

> The basis for th[e trial] court's denial of [Railroad Defendants'] motion[s] to dismiss was because the court found that [Railroad Defendants] had not provided sufficient "weighty reasons" to alter Plaintiff[s'] chosen forum. This was, in part, when considering the private factors, the listed witnesses would not be any more inconvenienced if the trial was held in Pennsylvania or [elsewhere]. Furthermore, we found [Railroad Defendants] did not do any more than offer "bare assertions" about other potential witnesses who live exclusively [outside Pennsylvania]. Likewise, due to Conrail having a strong, local connection to Philadelphia, there were not enough other public factors that met the "weighty reasons" standard.

**E.g.**, Trial Court Opinion (Ficarra), 8/22/2019, at 2 (unnecessary capitalization omitted).

As noted above, the trial court now believes this initial analysis to be in error following our Court's decision in **Wright**. While **Wright** did not present a new standard for reviewing motions to dismiss, it clarified the type of evidence to be considered in determining whether a movant has met the "weighty reasons" standard. Specifically, in **Wright**, this Court reviewed the denial of a motion to dismiss for *forum non conveniens* an action brought

under FELA against Conrail and CSX in the Philadelphia Court of Common Pleas. Like Plaintiffs herein, "Wright neither worked nor was injured in Pennsylvania, and he neither lived nor owned property in Pennsylvania. All of [his] treating physicians and medical files related to the alleged injury" were located outside Pennsylvania, and "all of his fact witnesses [we]re former or current railroad workers who reside outside of Pennsylvania." 215 A.3d at 986-87. Conrail and CSX had filed a motion to dismiss for *forum non conveniens*, arguing that "the only alleged connections between Pennsylvania and [Wright's] matter are that CSX [] conducts rail operations in Philadelphia, which are totally unrelated to [] Wright's claim of injury, and [Conrail] is incorporated in Pennsylvania with headquarters in Philadelphia, which is totally unrelated to [] Wright's claim of injury." *Id.* at 987. In response, Wright argued that he had a substantial right to choose his forum by virtue of having brought the action under FELA. As to Conrail and CSX's argument that "all employee and medical files [we]re located outside of Pennsylvania, [] Wright responded the location of the documents [wa]s immaterial since modern conveniences make it easy so that the documents may be accessed by the parties." *Id.* Finally, he averred the railroad companies were "in a 'better financial condition' to litigate at a distance than [was] Wright." *Id.*

On appeal, this Court concluded that the trial court in ***Wright*** abused its discretion twice in denying the motion to dismiss. First, "in determining

- 13 -

whether 'weighty reasons' exist, the trial court erred in giving great deference to [Wright's] choice of forum and incorporating 'plaintiff-friendly' Pa.R.C.P. 1[0]06(d) standards into its analysis." *Id.* at 992.[10] Second, we held that the trial court erred in concluding that Conrail and CSX's "affidavits were insufficient since the affidavits consisted 'of unsupported conclusory statements' and 'bare assertions [that] cannot be credited without a record[.]'" *Id.* at 993 (citation omitted).[11] This Court explained as follows.

> The trial court specifically held that, while sworn affidavits submitted by [Conrail and CSX] asserted that "most or all of [their] witnesses 'reside primarily, if not exclusively' in New York[,]" there was "no record" to support the affiant's assertions. Further, the trial court concluded the allegations made in [the] affidavits related to greater costs, inconvenience, hardship, and business disruption if the case is tried in Pennsylvania, as opposed to New York, needed to be supported by detail in the record.
>
> Our Supreme Court has held that, while petitions to transfer venue must be supported by information on the record, no

---

[10] As the *Wright* Court noted,

> a defendant bears a heavier burden under Pa.R.C.P. 1006(d)(1), which permits [intrastate] forum transfers only when the defendant establishes that a plaintiff's chosen forum is oppressive and vexatious for the defendant. Under Pa.R.C.P. 1006(d)(1), "the defendant must show more than that the chosen forum is merely inconvenient to him." Further, under Pa.R.C.P. 1006(d)(1), the trial court must give great weight and deference to the plaintiff's choice of forum, and the defendant seeking a change of venue bears a heavy burden in justifying the request.

215 A.3d at 992 (citations omitted).

[11] Plaintiffs ignore this holding from *Wright* in their briefs. *E.g.*, Brown's Brief at 16.

particular form of proof is required. All that is required is that the moving party present a sufficient factual basis for the petition. Moreover, in matters involving motions to transfer venue, our Supreme Court has held the trial court must exercise common sense in evaluating the allegations in affidavits.

Here, inasmuch as the trial court determined there is no dispute that [] Wright worked for [Conrail and CSX] exclusively in New York, [the] assertion in [their] affidavits that most or all of [their] witnesses reside primarily, if not exclusively, in New York does not require additional record support. Additionally, with regard to [their] assertion in [their] affidavits that it will be more costly to transport out-of-state witnesses for trial, as well as cause greater inconvenience and interference with the witnesses' personal li[ves] and [their] business, as our Supreme Court held in **Bratic** [**v. Rubendall**, 99 A.3d 1 (Pa. 2014)]:

> [Aside from allegations that such will occur, w]e are unsure what extra detail must be enumerated - the interference with one's business and personal life caused by the participatory demands of a distant lawsuit is patent. The witnesses need not detail what clients or tasks will be postponed or opportunities lost in order for the judge to exercise common sense in evaluating their worth; indeed, no one can foretell such detail. One hopes a judge may comprehend the existence of relevant general disruption from the allegations in the affidavit, sufficiently to rule on the issue.

**Bratic**, [] 99 A.3d at 9.

Accordingly, we conclude the trial court erred as it pertains to consideration of [Conrail and CSX's] affidavits and evidentiary burden.

**Wright**, 215 A.3d at 993-94 (citations, some quotation marks, and original brackets omitted).

Instantly, the trial court contends that it did not ascribe any heightened deference to Plaintiffs based on the actions being brought under

- 15 -

FELA. *E.g.*, Trial Court Opinion (Ficarra), 8/22/2019, at 6.[12] Nevertheless, after applying the appropriate evidentiary burden as clarified by *Wright*, the trial court concluded that it should have granted the motions to dismiss for *forum non conveniens* in these cases, explaining as follows.

> [Railroad Defendants] argue[] that since [Plaintiffs'] claims allegedly rose entirely outside of Pennsylvania and have no *bona fide* connection to Pennsylvania that the court must dismiss the instant matter for the purpose of allowing Plaintiff[s] to re-file the instant matter in [an] appropriate jurisdiction. [Railroad Defendants] cite[] a list of connections to [other states in each case,] including but not limited to, Plaintiff[s'] working, residing and seeking medical treatment exclusively [outside Pennsylvania,] as well as all co-workers, supervisors and doctors also living or working [outside Pennsylvania].
>
> In Plaintiff[s'] answer[s] to [Railroad Defendants'] motion[s], the private factors cited in favor of keeping the case in Philadelphia County consisted of four named fact witnesses[3] who used to work for [] Conrail in their Philadelphia corporate headquarters. Furthermore, Plaintiff[s] cite to the fact that [Railroad Defendants] only reference[] "unnamed supervisors alleged in [an affidavit] who may have to travel from [another state] to Philadelphia, PA." As long as the motion to transfer venue is supported by information on the record, it does not matter which form of proof is used. "All that is required is that the moving party present a sufficient factual basis for the petition." *Bratic*, 99 A.3d at 9.
>
> _____
> [3] It is not undisputed that the four named witnesses reside in Pennsylvania, only that they once worked in Conrail's

_____

[12] Although Railroad Defendants raised the issue of heightened deference in some of their Pa.R.A.P. 1925(b) statements and briefs, they noted in their briefs that the trial court did not address this issue because it re-evaluated its analysis and the trial court now posits that it should have granted Railroad Defendants' motions to dismiss in eight out of the nine cases. *See, e.g.*, Railroad Defendants' Brief (Ficarra) at 17-18. In light of our disposition, and because we agree with the trial court's conclusion that it did not provide Plaintiffs heightened deference in any event, we do not address this claim further herein.

Philadelphia Office. Only one of the four witnesses undisputedly resides in Pennsylvania (Wayne, PA).

The undisputed facts in [these cases], admitted by Plaintiff[s], support the idea that the majority of potential witnesses with any connection to the underlying matter reside [outside Pennsylvania]. All of the supervisors and co-workers who worked with Plaintiff[s] and may have knowledge about the facts giving rise to Plaintiff[s'] claim[s] reside [outside Pennsylvania]. All of Plaintiff[s'] doctors who played a role in [] diagnosis and medical treatment reside [outside Pennsylvania]. All of Plaintiff[s'] alleged injuries took place while [] working [outside Pennsylvania]. Furthermore, none of the relevant documentary evidence is located or maintained in Pennsylvania.[4] Plaintiff[s'] admission to these facts will suffice when analyzing the burden needed to prove the "weighty reasons" factor, serving as more than just a mere "bare assertion."

_____
[4] It is noted that Plaintiff[s] claim[ Plaintiffs'] attorneys have "copies" of [the] medical records in their Philadelphia office[s]. However, the originals are located [outside Pennsylvania].

Plaintiff[s] cite[] public factors as well, such as Philadelphia County having both the judicial resources and experience with FELA matters to ensure a just trial and because [] Conrail is both headquartered in and has trains run[ning] through Philadelphia. For those reasons, Plaintiff[s] believe[] it is appropriate for a Philadelphia jury to decide whether [Railroad Defendants] failed to provide Plaintiff[s] with a reasonably safe place to work. Conrail having its headquarters in Philadelphia does support venue being proper, but it does not ultimately preclude a dismissal when taking all factors into consideration.

Conversely, [Railroad Defendants] raise[] public interest factors that support dismissal. Even though Conrail has its headquarters in Philadelphia, Plaintiff[s'] claim[s have] no relation to Philadelphia. The only connection a Philadelphia jury would have to this case is due to Conrail having business in Philadelphia. When the chosen forum bears no relation to a plaintiff's claim, there is more weight given to transferring a case under § 5322 than imposing jury duty and costs of litigation on the chosen forum.

> There are enough weighty reasons supporting the fact that a more proper venue is located [outside Pennsylvania in eight of the cases] to overcome Plaintiff[s'] choice of forum. [Railroad Defendants] provided enough facts that make it clear that [a state other than Pennsylvania] would serve as a more convenient forum where "litigation could be conducted more easily, expeditiously, and inexpensively" than if held in Pennsylvania. **Hovatter**, 193 A.3d at 427.
>
> Accordingly, we recommend the Superior Court remand with guidelines for dismissal on the grounds of *forum non conveniens* for the purpose of re-filing [in an appropriate forum].

**E.g.** Trial Court Opinion (Ficarra), 8/22/2019, at 6-8 (emphasis, unnecessary capitalization, and some citations omitted).

Contrarily, Plaintiffs argue that **Robbins**[13] controls the outcome in these eight cases. In **Robbins**, another case originating in the Philadelphia Court of Common Pleas, this Court affirmed the denial of a motion to dismiss a FELA case brought against Conrail and Penn Central based on, *inter alia*, the plaintiff's intent to call the same former Conrail employees invoked by Plaintiffs herein. Specifically, Plaintiffs argue that

> [j]ust like in **Robbins**, the trial court in weighing the private and public factors considered that Conrail was incorporated in Pennsylvania and its corporate headquarters were located in Philadelphia. Additionally, as it was in **Robbins**, it is appropriate for a trial court to consider Plaintiff[s'] intention of calling former corporate witnesses who worked in Philadelphia at trial.

**E.g.**, Ficarra's Brief at 18-19.

---

[13] In the interim between the trial court denying the motions to dismiss and filing its Pa.R.A.P. 1925(a) opinions, this Court issued **Robbins** (May 2019) and **Wright** (July 2019).

Railroad Defendants, on the other hand, distinguish **Robbins** from the instant cases as follows.

> Because the trial court recognized that only one of the four ostensible witnesses might reside in Pennsylvania and was fully aware that [Plaintiffs] had adduced no evidence that the testimony of any of these witnesses would be relevant, this Court's decision in **Robbins** [] is of no assistance to [Plaintiffs]. In **Robbins**, the trial court expressly (albeit erroneously) accepted that all four witnesses reside in Pennsylvania and found the convenience of these witnesses to outweigh that of the two out-of-state witnesses identified by the defendants. This Court held **only** that the trial court did not abuse its discretion "in weighing the private and public factors," explaining that "it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers." That observation is equally true here and supports upholding the trial court's conclusion that "[t]here are enough weighty reasons supporting the fact that a more proper venue is located in [another state] to overcome Plaintiff[s'] choice of forum."

**E.g.**, Railroad Defendants' Brief (Ficarra) at 20 n.3 (emphasis in original; citations omitted). The trial court did not address **Robbins** in its Pa.R.A.P. 1925(a) opinions.

In **Robbins**, Conrail and Penn Central filed a motion to dismiss for *forum non conveniens* because the decedent's injuries occurred in the state of Indiana and all of the proposed witnesses were located outside Pennsylvania. In response to the motion to dismiss, plaintiff averred, *inter alia*, that he intended to call the same above-mentioned former Conrail employees: Comstock, Barringer, Thomas, and Kovac. Additionally, plaintiff argued that "although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and

cancer-causing substances were determined at [Conrail's] headquarters in Philadelphia." ***Robbins***, 212 A.3d at 85-86. Moreover, in support of denying the motion to dismiss, plaintiff contended that "a viewing of the premises in this case would not be desirable and, in fact, it 'would be...extremely dangerous [for the jury].'" ***Id.*** at 86 (citation omitted). Following a hearing where the parties presented legal argument, the trial court denied the motion to dismiss.

On appeal, Conrail and Penn Central argued, *inter alia*, that the trial court abused its discretion in weighing the public and private factors, and thus erred in concluding there were insufficient weighty reasons to grant the motion to dismiss. This Court disagreed.

> With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted [Conrail and Penn Central] identified two potential witnesses, both of whom were [] former employees: [] Mason, who resides in Illinois, and [] Toney, who resides in Illinois. [] Robbins, on the other hand, identified four fact witnesses, **all of whom reside in Pennsylvania and were former [Conrail] employees**. Additionally, the trial court noted [Conrail and Penn Central] conceded that it is unlikely any party would seek a request to view the train yard at issue.
>
> With regard to the public factors, and Pennsylvania's connection to the lawsuit, **it is noteworthy that** [] **Robbins averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at** [**Conrail's**] **headquarters in Philadelphia.**

Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.

Based on the aforementioned, we conclude the trial court did not abuse its discretion in weighing the private and public factors. We note it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is "not an exercise in counting numbers." ***Bochetto v. Dimeling, Schreiber & Park***, 151 A.3d 1072, 1083 (Pa. Super. 2016). Because [Conrail and Penn Central] have not met their burden, we affirm.[8]

---

[8] To the extent [Conrail and Penn Central] aver the facts of this case are indistinguishable from ***Hovatter, supra***, we disagree. In ***Hovatter***, this Court held the trial court erred in failing to dismiss the plaintiff's action, which was filed in Pennsylvania, under the doctrine of *forum non conveniens*. However, in the instant matter, unlike in ***Hovatter***, **there were Pennsylvania witnesses identified by a party and a viewing of the site was not at issue.** Further, we note in the case *sub judice*, unlike in ***Hovatter***, [] Robbins **specifically averred the policies and procedures related to the decedent's exposure to alleged chemical/cancer-causing substances were developed by [Conrail] at its headquarters in Philadelphia**. There was no such allegation made in ***Hovatter*** as to CSX [] (the sole defendant in ***Hovatter***).

***Robbins***, 212 A.3d at 90 (emphases added).

Although at first glance Plaintiffs' cases strikingly resemble ***Robbins***, there are two important differences, which factored heavily into this Court's conclusion that the trial court in ***Robbins*** did not abuse its discretion in denying the motion to dismiss for *forum non conveniens* in that case.

First, the plaintiff in ***Robbins*** set forth a specific argument that Conrail developed policies and procedures in its Philadelphia office that created the conditions leading to plaintiff's injuries. Contrarily, the majority of Plaintiffs

herein presented scant argument before the trial court as to the relevance of the former Conrail employees' testimony in these eight cases. Of the eight cases, only Bzinak, Mason, and Garceau arguably raised a theory of liability regarding the four employees remotely resembling that raised in **Robbins**.[14] Specifically, Bzinak averred, without elaboration, that the four witnesses had knowledge "relevant to the practices employed by Conrail during the time of exposure that ultimately led to [Bzinak's] injury." Bzinak's Response to Motion to Dismiss, 9/4/2018, at ¶ 17. Mason likewise averred, without elaboration, that the four witnesses would "testify to policies crafted and implemented by [] Conrail[.]" Mason's Response to Motion to Dismiss, 11/14/2018, at ¶ 116; Mason's Memorandum in Opposition to Motion to Dismiss, 11/14/2018, at 6 (unnumbered). Garceau provided more detail at oral argument, averring that the purpose of calling the four former Conrail employees "is to talk about what the railroads were doing [] in '76 to '84, about things like cancer, because they are liability witnesses [and o]ne of

---

[14] Insofar as some Plaintiffs raise the same argument as **Robbins** for the first time in their appellate briefs, this argument was not presented to the trial court and cannot be raised for the first time on appeal. **Wilson v. Transp. Ins. Co.**, 889 A.2d 563, 573 (Pa. Super. 2005) ("[A]s a general rule, assuming there is an opportunity to do so, claims that have not been raised during trial may not be raised for the first time on appeal.").

Insofar as Plaintiffs submitted on appeal attachments of testimony by two of the former Conrail employees in a separate matter from October 2019, those notes of testimony are not part of the certified trial court records and cannot be considered by this Court. **Brandon v. Ryder Truck Rental, Inc.**, 34 A.3d 104, 106 (Pa. Super. 2011) (citation and quotation marks omitted) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case.").

our theories of liability is th[e medical, safety, and industrial hygiene departments at Conrail] d[id]n't communicate." N.T., 2/28/2019, at 14-15.

Second, the trial court in **Robbins** found based on the record in that case that all four of the former Conrail employees resided in Pennsylvania. Here, however, Plaintiffs averred, without supporting evidence, that Comstock resided in Pennsylvania, and provided no evidence or averments as to where Barringer, Thomas, or Kovac resided. In response to the mention of these witnesses, Railroad Defendants attached affidavits and the work biography of Barringer to establish that he resides in Florida. The records contain no information as to the residencies of Thomas and Kovac.[15]

Based on the foregoing, we conclude that the trial court abused its discretion in applying the wrong evidentiary burden in 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019. However, given the records before it in these cases, we agree with the trial court's re-analysis and find these cases distinguishable from **Robbins**. All of Plaintiffs' former co-workers, supervisors, and diagnosing and treating physicians reside outside Pennsylvania. The work sites are outside Pennsylvania. The only connection to Pennsylvania relevant to Plaintiffs' claims is that four individuals who used to work in Philadelphia were allegedly involved in the drafting and

---

[15] Again, as noted *supra* in note 8, Anderson is the only plaintiff who averred below that Kovac also lived in Pennsylvania. Accordingly, that averment was not part of the trial court records in these eight cases.

- 23 -

implementation of procedures that led to Plaintiffs' injuries. However, on the records before the trial court, only one of those witnesses undisputedly resides in Pennsylvania currently. Moreover, Plaintiffs largely failed to explain the relevance of the former employees' testimony. Weighing the private and public interest factors using the correct evidentiary burden, the trial court here ultimately concluded that Railroad Defendants presented sufficient weighty reasons to warrant dismissal for *forum non conveniens* in these eight cases. We discern no abuse of discretion by the trial court in reaching this conclusion. ***See Robbins***, 212 A.3d at 90 ("[I]t is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers.") (citation and quotation marks omitted). Accordingly, we vacate the orders denying the motions to dismiss in 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019, and remand to the trial court to dismiss these cases to permit re-filing in an appropriate jurisdiction.

## 1748 EDA 2019

We now turn to Anderson's case. As with the previous eight cases, the trial court, after Conrail appealed the order denying its motion to dismiss for *forum non conveniens*, re-evaluated the private and public interest factors using the correct evidentiary burden. Despite the similarities with the previous eight cases, the trial court asked us to affirm its order denying

- 24 -

Conrail's motion to dismiss Anderson's case, distinguishing Anderson's case as follows.

> Although the facts are nearly identical, there are significant differences in the procedural histories that distinguish the instant matter from **Wright** and other similar cases. Similar to **Wright**, the items on the docket prior to the filing of the motion to dismiss for *forum non conveniens* solely dealt with preliminary objections. The amount of court resources used before filing the motion was limited. However, there is one significant and controlling difference between **Wright** and the instant matter: on June 6, 2019, Judge Massiah-Jackson indicated, in the process of denying [Conrail's] motion for reconsideration of the court's April 12, 2019 order denying a motion for summary judgment, that the parties were ready for trial. In fact, a pre-trial conference was scheduled for July 10, 2019[,] with the intention of having the case go to trial in August of 2019.

> Deciding whether to grant a motion to dismiss for *forum non conveniens* is a discretionary matter. In the instant matter, this court cannot ignore how close this case has come to going to trial and the amount of court resources used up until the time of this appeal. When the Superior Court made its decision in **Wright**, the issue of extensive use of court resources was not brought forth as an issue. In **Wright**, up until the filing of the motion to dismiss, court resources were not used for anything outside of the preliminary objection stage. Therefore, this court is operating under the belief that ruling on preliminary objections is not enough use of court resources to deny a motion to dismiss for *forum non conveniens* when the facts are similar to those in **Wright**.

> In the instant matter it would be inequitable to dismiss this matter when it is ready for trial in order for it to begin in another jurisdiction. The court acknowledges the bulk of the discovery is completed and will not have to be repeated should the matter be litigated in another jurisdiction. However, it is obvious to this court that even if the case is "trial ready" it will not be tried as expeditiously when it begins anew in another jurisdiction. The parties are entitled to a speedy trial and it is on that factor that this court distinguishes **Wright** from the instant matter. As indicated in **Plum**[ **v. Tampax, Inc.**, 160 A.2d 549, 561 (Pa. 1960)], the trial courts are also to consider "other practical

problems that make trial of a case easy, **expeditious** and inexpensive" (emphasis added).

… In the instant matter, this case, if remanded, would be ready for trial following a pre-trial conference. Contrarily, if this matter is dismissed with the intention of re-filing in a different state, it will likely not be ready for trial for some time, even with the qualification that portions of the already completed discovery could be transferable to another state.

While analyzing public factors, this court has invested considerable time and resources into this matter to prepare for the ensuing trial. Even though there could be an argument for dismissing this case so as to alleviate the burden placed on the Philadelphia court system and jury pool, it would undercut the work this court has already endured. Plaintiff had the right to file the instant matter in Philadelphia because venue is proper.

As stated in **Alford** [**v. Philadelphia Coca-Cola Bottling Co., Inc.**, 531 A.2d 792, 794 (Pa. Super. 1987)], the doctrine "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." In the matter of justice, the Philadelphia court system has done everything to prepare this matter for trial over the course of two years. As we move further from the date in which this litigation commenced, there is an inherent risk that those involved in this litigation, whether it is potential witnesses or the actual parties, may die or may have less of a recollection or ability to take part in the trial. This is especially true when dealing with a plaintiff who is suffering from a cancer diagnosis. Whereas if this decision is affirmed, the instant matter will go to trial, most likely, within a month of the denial of this appeal. The Philadelphia court system has taken this case to the one-yard line[;] to dismiss it now for purposes of re-filing in another jurisdiction would not be in the interest of substantial justice. [Conrail has] not provided enough "weighty reasons" to, on the eve of trial, take this matter to another jurisdiction. Since this court's decision to deny [Conrail's] motion to dismiss was not manifestly unreasonable, we suggest this court's order be affirmed.

Trial Court Opinion (Anderson), 9/25/2019, at 5-8 (footnotes and unnecessary capitalization omitted).

On appeal, Conrail raises five issues for review. Conrail's Brief (Anderson) at 5-6. Because they all challenge the trial court's order denying Conrail's motion to dismiss for *forum non conveniens*, we address them together. Essentially, Conrail argues that we may not affirm the trial court's order for a reason that did not exist at the time the order was entered, *i.e.*, that the case is trial-ready. The case only became trial-ready after the order was entered, and despite the trial-readiness, the private and public interest factors still weigh in favor of dismissing Anderson's action. **Id.** at 18.

As detailed hereinabove, we review orders disposing of motions to dismiss for *forum non conveniens* for an abuse of discretion. **Hovatter**, 193 A.3d at 424. Upon review, it is apparent that contrary to Conrail's claim, the near-trial readiness of Anderson's case was always a factor in ruling on Conrail's motion to dismiss. At the September 20, 2018 hearing, Anderson opposed the motion to dismiss in part because the case was almost trial-ready. Specifically, Anderson's deposition was scheduled for September 28, 2018, discovery was to end November 5, 2018, and trial was set for March 2019.[16] N.T., 9/20/2018, at 21-22. Additionally, unlike the other eight cases, Anderson raised a similar argument to **Robbins**, claiming that the four former Conrail employees' testimony would be relevant to "notice and

---

[16] As noted hereinabove, the order denying the motion to dismiss was dated December 2018, but was not filed until March 5, 2019.

foreseeability" and as to what Conrail knew "about the dangers of the exposure to asbestos [and diesel exhaust[, and] the dangers of cancer relevant to the time [] Anderson worked for Conrail[.]" *Id.* at 17-18. Finally, Anderson averred not only that Comstock lived in Pennsylvania, but that Kovac also resided in Pennsylvania. *Id.* at 19.

Given this record, we discern no abuse of discretion in the trial court's weighing the private and public interest factors differently than the other eight cases and concluding that "litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." ***Robbins***, 212 A.3d at 87 (citation and quotation marks omitted). ***See also Hovatter***, 193 A.3d at 424 ("[I]f there is any basis for the trial court's decision [on a motion to dismiss for *forum non conveniens*], the decision must stand.") (citation and quotation marks omitted). Accordingly, we affirm the order denying Conrail's motion to dismiss for *forum non conveniens* in 1748 EDA 2019.

Orders in 2420 EDA 2018, 296 EDA 2019, 298 EDA 2019, 469 EDA 2019, 540 EDA 2019, 583 EDA 2019, 1808 EDA 2019, and 1840 EDA 2019 vacated and cases remanded for proceedings consistent with this opinion. Order in 1748 EDA 2019 affirmed. Jurisdiction relinquished.

J-A15019-20, J-A15020-20, J-A15021-20, J-A15022-20, J-A15023-20, J-A15024-20, J-A15025-20, J-A15026-20, J-A15027-20

Judgment Entered.

signature

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/27/2020</u>