J-A26016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW R. GRILLO | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENN CENTRAL CORPORATION A/K/A | : | |
| AMERICAN PREMIER | : | No. 32 EDA 2021 |
| UNDERWRITERS, INC. AND | : | |
| CONSOLIDATED RAIL CORPORATION | : | |
| | : | |
| Appellees | | |

Appeal from the Order Entered December 3, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  No. 190902710

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2022**

Appellant Matthew R. Grillo brought this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, against Appellees Consolidated Rail Corporation ("Conrail") and Penn Central Corporation a/k/a American Premier Underwriters, Inc. ("Penn Central").  On December 3, 2020, the Court of Common Pleas of Philadelphia County ("trial court") entered an order dismissing his action under the doctrine of *forum non conveniens* without prejudice to Appellant's right to file his action in a more appropriate forum.  We vacate the order of dismissal and remand for further proceedings due to the trial court's consideration of improper factors in its analysis.

The factual and procedural history of this case is as follows. On September 20, 2019, Appellant filed a FELA action against Appellees in the trial court alleging that he was injured during the course of his railroad employment when he was exposed to hazardous substances, causing him to develop esophageal and larynx cancer. It is undisputed that Appellees are Pennsylvania corporations, and that the principal place of business of both Appellees is in Philadelphia County.

Appellant's complaint and his answers to Appellees' discovery requests demonstrate that he has never lived in Pennsylvania. He resided in New Jersey from 1949 to 2001 and has resided in South Carolina since 2001. Appellant worked for Penn Central in New Jersey from 1974 to 1976, and he worked for Conrail from 1976 to 1981 and from 1984 to 1997.[1] Appellant first worked as a clerk and later as a stevedore. Although he visited Philadelphia several times over the years, these visits were to resolve matters such as payroll issues, an interview for a new position, or union representative duties, nothing that concerned his job duties or the exposures to hazardous substances alleged in his complaint. He never received treatment from any licensed physician within Pennsylvania. He received medical diagnoses and treatment for his claimed injuries in South Carolina and New York.

_____

[1] Appellant worked for New Jersey Transit from 1981 to 1984.

Appellant identified fifteen potential witnesses, consisting of thirteen fact witnesses and two experts. Five fact witnesses allegedly live in Pennsylvania, while the other nine live outside of Pennsylvania, including four in New Jersey and others in South Carolina, New York, Massachusetts and Florida. The two expert witnesses live in Virginia and Tennessee.

Four fact witnesses, Appellant claimed, worked for Conrail in Philadelphia and had information relevant to Conrail's policies and procedures relating to employee safety. Three of these four live in Pennsylvania: Marcia Comstock, Conrail's former medical director, Ramon Thomas, Conrail's former industrial hygiene manager, and Paul Kovac, Conrail's former claims manager. The fourth, William Barringer, Conrail's former safety director, lives in Florida.

Appellant failed to identify the Pennsylvania address of the fifth witness, Richard Savior, or the substance of his testimony.

On June 26, 2020, Appellee Conrail moved to dismiss Appellant's action without prejudice on the basis of *forum non conveniens*. Appellee Penn Central joined in this motion several days later. Conrail contended in its motion that multiple factors overcame Appellant's choice of Philadelphia County as the forum for this case, including (1) none of the potential fact witnesses, or any other sources of proof, are located in Philadelphia County or Pennsylvania; (2) Conrail would be denied the availability of compulsory process for the attendance of unwilling witnesses, since they would be

located outside the subpoena power of Philadelphia County; (3) the cost of obtaining the attendance of willing witnesses would be great and unnecessary, particularly when Appellant's case could be more conveniently filed in New Jersey; (4) if Conrail and the court determined that a view of the premises would be appropriate in this matter, Conrail would likely be denied the opportunity to see Appellant's workplace and job duties in New Jersey; and (5) there is no reason to burden the courts, taxpayers, and jury pool of Philadelphia County with matters that are more appropriately resolved in another state. Conrail stated that it would rely on testimony by Appellant's former supervisors, superintendents and co-workers who have personal knowledge of his job duties and job requirements, and that "none of [these witnesses] are located in *Philadelphia*." Conrail's Motion To Dismiss, at ¶ 14 (emphasis added). Conrail, however, did not identify these witnesses or provide their addresses. Conrail also stipulated that it would "submit to service of process within a reasonable time after dismissal of this suit to allow [Appellant] to re-file his claim, and it will not use dismissal of the Philadelphia County action as a basis for a statute of limitations defense." ***Id.*** at ¶ 41.

On July 15, 2020, Appellant filed a response in opposition to the motion to dismiss. Appellant argued that Appellees had their principal places of business in Philadelphia, and Appellees created policies and

practices in their Philadelphia headquarters that denied Appellant a safe workplace in violation of the FELA.

On September 30, 2020, the trial court denied Appellees' motion to dismiss. On October 27, 2020, this Court issued its precedential opinion in *Ficarra v. Consolidated Rail Corporation*, 242 A.3d 323 (Pa. Super. 2020), affirming the dismissal of eight FELA lawsuits against Conrail on grounds of *forum non conveniens*. On November 16, 2020, relying on *Ficarra*, Conrail filed a motion in the present case for reconsideration of the September 30, 2020 order. On the same day, Penn Central joined in this motion. On November 24, 2020, Appellant filed a response in opposition to the motion for reconsideration. Attached to Appellant's response were (1) a letter from a private detective, Dan Levine, detailing his investigation into the whereabouts of the four Conrail employees whom Appellant said would testify about Conrail's policies and practices on employee safety (Comstock, Barringer, Thomas and Kovac), and (2) transcripts of Barringer's and Thomas's 2019 testimony in another FELA trial in Philadelphia County.

On December 3, 2020, the trial court granted the motion for reconsideration and dismissed Appellant's complaint without prejudice for refiling in New Jersey or any other appropriate jurisdiction within 90 days of the order. The order stated that if this action is refiled within 90 days of this order, the filing date to be used for statute of limitations purposes in the refiled action shall be September 20, 2019, the date Appellant commenced

the present action in Philadelphia. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On March 3, 2021, Appellant filed a FELA action against Appellees in Essex County Superior Court, New Jersey at No. ESX-L-001734-21. The docket in the New Jersey case indicates that this case remains active.[2]

Appellant raises three questions in this appeal:

1. Whether the Trial Court abused its discretion in finding that weighty reasons existed to support dismissal under the doctrine of *forum non conveniens*.

2. Whether the Trial Court abused its discretion by granting [Appellees'] Motion to Dismiss on the basis of *forum non conveniens* where the negligent actions, inactions, and decisions made in Philadelphia by Philadelphia-based corporate employees ultimately failed to provide [Appellant] with a reasonably safe workplace that he was entitled to under the FELA.

3. Whether the Trial Court abused its discretion by granting [Appellees'] Motion to Dismiss on the basis of *forum non conveniens* in considering the inconvenience of [Conrail's] unnamed hypothetical fact witnesses over the inconvenience of [Appellant's] four named fact witnesses [who] reside in the Philadelphia area.

Appellant's Brief at 2-3. These questions boil down to one issue: whether the trial court abused its discretion by dismissing Appellant's action under the doctrine of *forum non conveniens.*

---

[2] Although we generally cannot take judicial notice of records from other cases, we can take judicial notice of other proceedings involving the same parties, such as Appellant's action against Appellees in New Jersey. **Hvizdak v. Linn**, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018).

We review orders of dismissal based on *forum non conveniens* for abuse of discretion. **Rahn v. Consolidated Rail Corporation**, 254 A.3d 738, 747 n.6 (Pa. Super. 2021). "[I]f, there is any [factual basis in the record] for the trial court's decision, the decision must stand." **Id.** An error of law or a manifestly unreasonable judgment may constitute an abuse of discretion, and such errors are reviewed de novo. **Id.**

FELA affords the plaintiff a "substantial right" to select the forum in which to file his or her FELA claims. 45 U.S.C. § 56. Notwithstanding this right, the doctrine of *forum non conveniens* permits the trial court to dismiss a case in whole or in part if it "finds that in the interest of substantial justice the matter should be heard in another forum[.]" 42 Pa.C.S.A. § 5322(e); **see also Hovatter v. CSX Transp., Inc.**, 193 A.3d 420, 425-26 (Pa. Super. 2018) (FELA does not heighten deference afforded to plaintiff's choice of forum in context of *forum non conveniens*). Our courts lack the authority to transfer matters to courts of our sister states; rather, when appropriate, our courts should dismiss the action to permit re-filing in another state. **Rahn**, 254 A.3d at 747.

The *forum non conveniens* doctrine "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." **Id.** at 747. Two main factors guide the determination on whether the plaintiff has chosen a

proper forum. *Id.* at 248. One factor is whether the plaintiff has an available alternative forum to refile claims if they are dismissed. *Id.* Appellant does not claim that he lacks an alternative forum; indeed, he has refiled his action in New Jersey. The second factor, which Appellant does dispute, is whether "weighty reasons" justify the court's decision to alter the plaintiff's choice of forum. *Id.* To analyze this question, the court must consider multiple private and public interests. *Id.* Private interests include

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

*Id.* Factors of public interest

> also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.*

In recent years, this Court has decided multiple appeals concerning whether *forum non conveniens* applies to FELA cases brought by out-of-state plaintiffs in Pennsylvania against railroad companies (mostly Conrail and Penn Central). In all of these cases, the plaintiffs identified the same four

witnesses from Pennsylvania that would testify on their behalf that Appellant has proffered in this case: Comstock, Barringer, Thomas and Kovac. In one case, we held that the trial court properly denied the railroad companies' motion to dismiss. *Robbins for Estate of Robbins v. Penn Central Corporation*, 212 A.3d 81 (Pa. Super. 2019). Subsequent to *Robbins*, however, we have repeatedly held that the trial court acted within its discretion by dismissing the actions on the ground of *forum non conveniens*. *See Rahn*, *supra*; *Lyndes*, *supra*; *Stevens v. Penn Central Corporation*, 251 A.3d 798 (Pa. Super. 2021); *DeAngelis for Estate of Bloom v. Penn Central Corporation*, 251 A.3d 432 (Pa. Super. 2021); *Burnett v. Penn Central Corporation*, 250 A.3d 1240 (Pa. Super. 2021); *Hurt for Estate of Jones v. Penn Central Corporation*, 250 A.3d 1227 (Pa. Super. 2021); *Wallace v. Penn Central Corporation*, —A.3d—, 2022 WL 402952 (Pa. Super., Feb. 10, 2022) (unpublished); *Sacco v. Penn Central Corporation*, —A.3d—, 2021 WL 4305876 (Pa. Super., Sep. 22, 2021) (unpublished); *Favire v. Consolidated Rail Corporation*, —A.3d—, 2021 WL 4279772 (Pa. Super., Sep. 21, 2021) (unpublished); *Chatman v. Consolidated Rail Corporation*, —A.3d—, 2021 WL 4167787 (Pa. Super., Sep. 14, 2021) (unpublished). In another decision, *Ficarra v. Consolidated Rail Corporation*, 242 A.3d 323 (Pa. Super. 2020) (consolidating nine cases for purposes of disposition), we vacated orders denying motions to dismiss in eight cases, and we denied dismissal in one

- 9 -

case because it was trial-ready due to completion of discovery and the selection of a trial term.

The trial court gave a series of reasons for finding *forum non conveniens*. Many of these reasons were proper grounds for finding *forum non conveniens* under our post-**Robbins** decisions, including the following: (1) Appellant has received treatment for his alleged injuries in South Carolina and New York and not Philadelphia County; (2) Appellant has lived in New Jersey and South Carolina, but never Philadelphia County; (3) Appellant has never worked in Philadelphia County and only worked for Appellees in New Jersey; (4) the expert witnesses that Appellant plans to call both are located in Virginia and Tennessee; (5) Appellant admits in his deposition testimony that he was only exposed to harmful substances in New Jersey; (6) there is no proof that any evidence related to the injury, including but not limited to Appellant's medical records, are in Philadelphia County; (7) Appellant fails to provide any proof that one of his fact witnesses, Richard Savior, lives in Pennsylvania, and fails to identify the substance of his testimony; and (8) another fact witness, William Barringer, lives in Florida, so Pennsylvania plainly is an inconvenient forum for him. Trial Ct. Op., 2/9/21, at 17-19.

Two other reasons given by the trial court for finding *forum non conveniens*, however, were improper. First, the trial court determined that

Appellant failed to demonstrate that several persons he identified as fact witnesses lived in Pennsylvania. The court stated:

> [Appellant] attached a report as an Exhibit prepared by [detective] Dan Levine on November 24, 2020, stating that on November 5, 2020, he was contacted by [Appellant]'s counsel to confirm the residential addresses of the four former Conrail employees. Regarding Maria Comstock, on November 5, 2020, her information was entered into a database and returned with an address in Norristown, PA. However, when her alleged telephone number was called on November 16, 2020, there was a generic voicemail. On November 17, 2020, the detective sent a certified envelope addressed to the alleged address given by the database. For Ramon Thomas, on November 5, 2020, his information was [run] through a database. On November 17, 2020, a certified envelope was sent to Mr. Thomas[,] and on November 20, 2020, Mr. Thomas contacted the detective confirming that he lives in Yardley, PA. On November 5, 2020, Paul Kovac's information was [run] through a database with his alleged address being in Hatboro, PA. A landline number was called, and an answering machine stated that the caller has reached the Kovacs. On November 17, 2020, a certified envelope was sent to the alleged address.

Trial Ct. Op. at 17-18. Nonetheless, the court concluded that there was no proof that these witnesses lived in Pennsylvania. *Id.* at 19. This finding was manifestly unreasonable. The evidence clearly demonstrates that Thomas lives in Pennsylvania, since a database search provided a Pennsylvania address for him, a certified envelope was mailed to him on November 17, 2020, and he contacted the detective three days later and confirmed that he lives in Yardley, Pennsylvania. There also is some evidence that Kovac and Comstock live in Pennsylvania, since a database search yielded Pennsylvania addresses for both individuals, and Kovac's answering machine stated that the called had reached the Kovacs.

- 11 -

The second improper reason given by the court was that in 2019, Barringer and Thomas testified for the plaintiff in another FELA trial,[3] but the jury returned a defense verdict, thus indicating that it did not "heavily weigh" Barringer's and Thomas's testimony. *Id.* at 17; *see also id.* at 19 ("the jury [in *Nouse*] clearly found that testimony of Mr. Thomas and Mr. Barringer had little weight because the jury found for Defendants"). In our view, the defense verdict in *Nouse* does not indicate that the jury gave "little weight" to Thomas's or Barringer's testimony. It might have taken this testimony quite seriously yet found other overriding reasons for finding in favor of the defense. Furthermore, and more importantly, under our *forum non conveniens* cases, the jury's opinion of the witnesses' testimony in *Nouse* is completely irrelevant to whether Pennsylvania is a convenient forum for the present case. The private and public factors that the court must consider during *forum non conveniens* analysis, *Rahn*, 254 A.3d at 748, do not include consideration of the weight that the jury will give to a proposed witness's testimony.

Thus, while many of the reasons in the court's *forum non conveniens* ruling were proper, two reasons were not—and we cannot tell how much these reasons affected the court's exercise of its discretion. We therefore believe that the proper remedy under these circumstances is to remand this

---

[3] ***Nouse v. Penn Central***, No. 1801-05260 (Phila. Cty.).

case to the trial court for reconsideration of the evidence. The court should apply only proper factors to the evidence, **Rahn**, 254 A.3d at 748, and obviously refrain from considering the two factors identified above as improper.

Order of dismissal vacated. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2022