J-A09007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWARD W. WEGMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | No. 511 EDA 2021 |

Appeal from the Order Entered January 28, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200100135

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 22, 2022**

Appellant Edward W. Wegman appeals from the order granting the motion filed by Appellee Consolidated Rail Corporation to dismiss Appellant's complaint on the doctrine of *forum non conveniens.*  Appellant argues that the trial court abused its discretion because Appellee failed to demonstrate the required weighty reasons to overcome Appellant's choice of forum.  We affirm.

The trial court summarized the relevant factual and procedural history of this matter as follows:

> [Appellant] commenced this action on January 6, 2020[,] by filing a complaint containing a single claim sounding in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51*, et seq.* The complaint named two defendants, 1) [Appellee], a Pennsylvania corporation headquartered in Philadelphia, Pennsylvania, and 2) Norfolk Southern Railway Corporation [(Norfolk Southern)], a Virginia corporation with its principal place of business in Norfolk, Virginia.  [The parties stipulated to dismiss

---

[*] Retired Senior Judge assigned to the Superior Court.

Norfolk Southern from this action. *See* Stipulation, 6/20/20, R.R. at 44a.[1]   Accordingly, Norfolk Southern is not a party to this appeal.]

. . . [Appellant] filed an amended complaint on May 3, 2020, alleging [Appellant] worked for [Appellee] from December 1976 to 1999 as a trackman, truck driver, and welder in Kendallville, Indiana, and worked in Indiana, Illinois, Ohio, and New York. The amended complained alleged that [Appellant's] employment with [Appellee] exposed him to harmful carcinogens, which caused him to develop lung cancer.

On September 1, 2020, [Appellee] filed a motion to dismiss based on *forum non conveniens* pursuant to 42 Pa.C.S. § 5322(e). To support its motion, [Appellee] provided [Appellant's] responses to requests for admission in which [Appellant] admitted that he does not reside in Pennsylvania, he never resided in Pennsylvania, he never owned property in Pennsylvania, the only work he ever performed in Pennsylvania occurred in Erie County, he was never exposed to any toxic substance in Pennsylvania, and he was not diagnosed of treated for any injuries arising from this lawsuit in Pennsylvania. Additionally, [Appellee] attached [Appellant's] responses to interrogatories in which he identified six addresses at which he has lived, all of which are in Indiana, and listed his medical providers, all of whom are located in Indiana.

[Appellant] filed a timely response in which he argues this case should not be dismissed under [Section] 5322 because, *inter alia*, he identified four potential fact witnesses who used to work at [Appellee's] headquarters in Philadelphia – Marcia Comstock, M.D., William Barringer, Ramon Thomas, and Paul Kovac.

On October 16, 2020, this court issued a rule to show cause why the motion should be granted. The court permitted the parties to conduct discovery relevant to the issue of *forum non conveniens* and file supplemental briefing on the issue by November 30, 2020.

On November 30, 2020, [Appellee] filed a supplemental brief which did not include any additional evidence, but did contain a comprehensive review of precedent from our appellate courts and the Philadelphia Court of Common Pleas related to the issue of *forum non conveniens* in FELA cases. The same day, [Appellant] filed a supplemental brief. [Appellant's] supplemental brief

_____

[1] We may cite to the reproduced record for the parties' convenience.

includes the transcript of Ramon Thomas' testimony from other FELA cases wherein he discusses various safety programs they implemented while working at [Appellee's] Philadelphia headquarters starting in 1998. [Appellant] also included an affidavit from a private investigator who confirmed that Dr. Comstock resides in Norristown, Pennsylvania, Mr. Thomas resides in Yardley, Pennsylvania, and Mr. Kovac resides in Hatboro, Pennsylvania. Notably, while all three of these individuals reside *near* Philadelphia, none of them reside *in* Philadelphia. Finally [Appellant's] supplemental brief attempted to distinguish the case *sub judice* from the Superior Court's then-recent decision in **Ficarra v. Consolidated Rail Corporation**, 242 A.3d 323 (Pa. Super. 2020).

Trial Ct. Op., 6/7/21, at 1-3 (citations and footnotes omitted, formatting altered).

The trial court granted Appellee's motion to dismiss on January 28, 2021. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises three issues for our review:

1. Whether the trial court abused its discretion in finding that weighty reasons existed to support dismissal under the doctrine of *forum non conveniens*.

2. Whether the trial court abused its discretion by granting [Appellee's] motion to dismiss on the basis of *forum non conveniens* where the negligent actions, inactions, and decisions made in Philadelphia by Philadelphia-based corporate employees ultimately failed to provide [Appellant] with a reasonably safe workplace that he was entitled to under the FELA.

3. Whether the trial court abused its discretion by granting [Appellee's] motion to dismiss on the basis of *forum non conveniens* by considering the inconvenience of [Appellee's] unnamed hypothetical fact witnesses over the inconvenience of

- 3 -

> [Appellant's] four named fact witnesses which reside in the Philadelphia area.

Appellant's Brief at 2-3 (formatting altered).

All three of Appellant's issues challenge the trial court's order granting Appellee's motion to dismiss based on *forum non conveniens*.[2,3] *Id.* at 10-28. Specifically, Appellant contends that the trial court abused its discretion because Appellee did not present weighty reasons to overcome Appellant's

---

[2] Although Appellant presents three distinct questions on appeal, the argument section of Appellant's brief is not divided into separate sections for each question. *See* Pa.R.A.P. 2119(a) (stating "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver. *See, e.g.*, *Forrester v. Hanson*, 901 A.2d 548, 551 n.2 (Pa. Super. 2006) (disapproving of the appellant's failure to divide argument into subsections equal to the number of questions raised on appeal but addressing the claims on the merits).

[3] In his statement of questions, Appellant claimed that the trial court erred by granting "[Appellee's] motion to dismiss on the basis of *forum non conveniens* by considering the inconvenience of [Appellee's] unnamed hypothetical fact witnesses over the inconvenience of [Appellant's] four named fact witnesses which reside in the Philadelphia area." Appellant's Brief at 2-3. Appellant has not presented any argument as to this claim in his brief, therefore it is waived. *See, e.g.*, *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) (stating that "the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119" (citation omitted and formatting altered)).

Even if this claim was not waived, Appellant would not be entitled to relief. We agree with the trial court's explanation that it did not consider the inconvenience to any hypothetical fact witnesses in granting Appellee's motion to dismiss. *See* Trial Ct. Op. at 6 n.2. Therefore, Appellant's claim is meritless.

- 4 -

choice of forum. *Id.* at 12-21. In support, Appellant asserts that Philadelphia is an appropriate forum because the negligent acts and omissions alleged in the complaint occurred at Appellee's Philadelphia headquarters. *Id.* at 13. Appellant also claims that Appellee's negligent acts or omissions concerning employee safety were disseminated from Philadelphia to various workplace locations, including those where Appellant worked in Indiana, Illinois, Ohio, New York, and Pennsylvania. *Id.* at 13-14.

Appellant also argues that several witnesses reside in the Philadelphia area, which demonstrates that Philadelphia is the more convenient forum. *Id.* at 20. Specifically, he refers to four of Appellee's former employees who he intends to call at trial, including:

> Marcia Comstock, M.D., [Appellee's] former medical director, who worked in Philadelphia and lives in Norristown, PA; William Barringer, [Appellee's] former safety director, who worked in Philadelphia and lives in Naples, FL; Ramon Thomas, [Appellee's] former industrial hygiene manager, who works in Philadelphia and lives in Yardley, PA; and Paul Kovac, [Appellee's] former claims manager who worked in Philadelphia and lives in Hatboro, PA.

*Id.* at 14. Appellant asserts that these witnesses will testify about how Appellee formulated safety policies and procedures regarding carcinogens, such as diesel exhaust, and distributed those policies and procedures across the country. *Id.* at 14-19. Appellant emphasizes that Appellee has not identified any witnesses located in or near Indiana. *Id.* at 20. Therefore, Appellant argues that the trial court erred in concluding "that Indiana offered easier access to sources of proof." *Id.* at 19-20. Further, Appellant argues

that the public factors weigh against dismissal because Appellee maintains its corporate headquarters in Philadelphia and Philadelphia has the judicial resources to try this case. *Id.* at 20-21.

In support of his claims, Appellant relies on two recent cases in which this Court addressed *forum non conveniens* issues in matters involving Appellee. *Id.* at 22-28 (citing ***Robbins for Estate of Robbins v. Consol. Rail Corp.***, 212 A.3d 81 (Pa. Super. 2019) (holding that Philadelphia was the more convenient forum and affirming the denial of the defendants' motion to dismiss); ***Ficarra v. Consol. Rail Corp.***, 242 A.3d 323 (Pa. Super. 2020) (holding that Philadelphia was an inconvenient forum and reversing the denial of the defendants' motions to dismiss)). Appellant argues that ***Ficarra*** is distinguishable because there are allegations that Appellee formulated policies and procedures at its Philadelphia headquarters that directly related to Appellant's alleged exposure to carcinogens in Illinois, Indiana, Ohio, New York, and Pennsylvania. *Id.* at 25-28 (citing ***Robbins***, 212 A.3d at 90). Further, Appellant notes that he provided evidence that three of his four witnesses reside in Pennsylvania, and that their testimony was relevant to establish Appellant's claims. *Id.* at 14-20, 26-28.

Finally, Appellant argues that the trial court mischaracterized the record by erroneously stating that Appellant admitted that he was not exposed to toxic substances in Pennsylvania. *Id.* For these reasons, Appellant concludes

that the trial court abused its discretion in granting Appellee's motion to dismiss.[4]

In reviewing Appellant's claim, we are guided by the following principles:

Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

**Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322(e).[fn6]

[fn6] Our courts lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state.

---

[4] Appellant also argues that Appellee's motion to dismiss is an attempt to control and limit a plaintiff's choice of forum in pursuing a FELA action. Appellant's Brief at 7-9. Appellant claims that "[o]ver the years, the railroads have systematically attempted to limit and control where an injured railroad worker may file his or her FELA action." *Id.* at 9. Appellant has not included this claim in his Rule 1925(b) statement or in the statement of questions presented in his brief. Therefore, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

- 7 -

***Lyndes v. Penn Cent. Corp.***, 254 A.3d 725, 732 (Pa. Super. 2021) (some citations omitted).

Further, this Court has explained:

The doctrine of *forum non conveniens* provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances.

The two most important factors the trial court must apply when considering whether dismissal is warranted are that 1.) the plaintiff's choice of forum should not be disturbed except for weighty reasons, and 2.) there must be an alternate forum available or the action may not be dismissed.

With respect to the initial factor, we note that a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims. Furthermore, [t]o determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. . . . [C]onsiderations germane to a determination of both the plaintiff's private interests and those of the public . . . .

[The private interest factors are] the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial in a forum that is at home with the state law that must govern the case, rather than having

a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 732-33 (citations omitted and formatting altered). However, "it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers." *Id.* at 735 (citation omitted and formatting altered).

Here, Appellant does not dispute the trial court's conclusion that Indiana was available as an alternate forum. Instead, Appellant focuses on the trial court's finding that Appellee presented sufficiently "weighty reasons" to warrant dismissal for *forum non conveniens*. *See Lyndes*, 254 A.3d at 733.

As noted previously, Appellee was one of the defendants in *Robbins*. *Robbins*, 212 A.3d at 84. In *Robbins*, as in the instant case, Appellee and its co-defendant filed a motion to dismiss based on the doctrine of *forum non conveniens*. *Id.* The plaintiff responded that he intended to call four of Appellee's former employees, who are the same four witnesses Appellant identified in this case. *Id.* at 85. Additionally, the *Robbins* plaintiff argued that "although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at [Appellee's] headquarters in Philadelphia." *Id.* at 85-86.

The *Robbins* Court denied Appellee and its co-defendant's motion to dismiss in that case, and explained:

With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide

easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted [the defendants] identified two potential witnesses, both of whom were [the defendants'] former employees: Mr. Mason, who resides in Illinois, and Mr. Toney, who resides in Illinois. [The plaintiff], on the other hand, identified four fact witnesses, all of whom reside in Pennsylvania and were former Consolidated Rail employees. Additionally, the trial court noted [Appellee and its co-defendant] conceded that it is unlikely any party would seek a request to view the train yard at issue.

With regard to the public factors, and Pennsylvania's connection to the lawsuit, it is noteworthy that [the plaintiff] averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia. Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.

Based on the aforementioned, we conclude the trial court did not abuse its discretion in weighing the private and public factors. We note it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers. Because [the defendants] have not met their burden, we affirm.

*Id.* at 90 (citation and footnote omitted and formatting altered).

In *Ficarra*, this Court distinguished its holding in *Robbins*. *Ficarra* involved consolidated appeals in nine cases in which Appellee was a defendant.[5] Although the plaintiffs identified the same four witnesses as in *Robbins* and the instant case, the *Ficarra* Court held that

_____

[5] In six of the cases consolidated in *Ficarra*, Appellee was the sole defendant, in the other three cases Appellee had one or more co-defendants. In eight of
*(Footnote Continued Next Page)*

these cases [are] distinguishable from **Robbins**. All of [the] plaintiffs' former co-workers, supervisors, and diagnosing and treating physicians reside outside Pennsylvania. The work sites are outside Pennsylvania. The only connection to Pennsylvania relevant to [the] plaintiffs' claims is that four individuals who used to work in Philadelphia were allegedly involved in the drafting and implementation of procedures that led to [the] plaintiffs' injuries. However, on the record before the trial court, only one of those witnesses undisputedly resides in Pennsylvania currently. Moreover, [the] plaintiffs largely failed to explain the relevance of the former employees' testimony. Weighing the private and public interest factors using the correct evidentiary burden, the trial court here ultimately concluded that [the railroad companies] presented sufficient weighty reasons to warrant dismissal for *forum non conveniens*[.] We discern no abuse of discretion by the trial court in reaching this conclusion. **See Robbins**, 212 A.3d at 90 ("[I]t is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers.") (citation and quotation marks omitted). Accordingly, we vacate the orders denying the motions to dismiss . . . and remand to the trial court to dismiss these cases to permit re-filing in an appropriate jurisdiction.

*Ficarra*, 242 A.3d at 337.

Following **Ficarra**, this Court has continued to affirm similar orders granting motions to dismiss filed by Appellee in other cases. **See, e.g.**, **Lyndes**, 254 A.3d at 737-38 (concluding that even if the testimony from Appellee's former employees was relevant, Ohio was a more convenient forum because it was where the plaintiff worked and it was closer to both the plaintiff's home and other sources of evidence); **Stevens v. Penn Cent.**

those cases, the **Ficarra** Court reversed the trial courts' denial of the defendants' motions to dismiss based on the doctrine of *forum non conveniens*. **Ficarra**, 242 A.3d at 327, 337.

***Corp.***, 251 A.3d 798 (Pa. Super. 2021) (affirming the trial court's order granting the motion to dismiss filed by Appellee and its co-defendants).

Here, the trial court addressed Appellant's *forum non conveniens* claim as follows:

> The presumption in favor of a plaintiff's choice of forum may be less stringently considered in this case because [Appellant] is [a] resident of Indiana, [Appellant] has always resided in Indiana, and his claims predominately arose out of his work with [Appellee] in Indiana, Illinois, Ohio, and New York. Indeed, although [Appellant] alleged his duties as a truck driver caused him to be exposed to harmful diesel fumes in Erie, [Appellant] admitted he "was never exposed to toxic fumes, substances, and chemicals . . . as a result of his employment with [Appellee] in Philadelphia County, Pennsylvania."

> \* \* \*

> Here, an alternate forum existed because [Appellee] agreed to the use of the January 6, 2020 filing date for the purposes of the statute of limitations if the action was refiled in Indiana, or appropriate jurisdiction, within ninety days of this court's order dismissing this matter under [42 Pa.C.S.] § 5322. Accordingly, the only remaining question before this court is whether [Appellee] established the weighty reason necessary to dismiss this matter.

> \* \* \*

> In the case *sub judice*, the private factors weigh in favor of dismissal. Indiana offers easier access to the sources of proof in this case. [Appellant's] career with [Appellee] was centered in Indiana—that is where [Appellant] lived, and where his primary work location was located. [Appellant] never worked in Philadelphia, does not allege he was injured in Philadelphia, and does not allege any of his former coworkers or supervisors reside in, or near, Philadelphia. Additionally, all of [Appellant's] medical providers, and their respective records, are located in Indiana.

> [Appellant] relied on his identification of Dr. Comstock, Mr. Thomas, and Mr. Kovac as potential witnesses to show Philadelphia also offers ease of access to witnesses; however the

- 12 -

mere fact [Appellant] identified witnesses who may reside near Philadelphia does not, *ipso facto*, require the denial of a motion to dismiss. Here, to the extent Dr. Comstock, Mr. Thomas, and Mr. Kovac could provide testimony relevant to [Appellant's] claims, such testimony does not change this court's conclusion that trial in Indiana provides easier access to sources of proof, such as [Appellant's] medical providers.

The remaining private factors also weigh in favor [of] dismissal. The Uniform Interstate Depositions and Discovery Act, which has been adopted by both Pennsylvania and Indiana, minimizes any difficulty in obtaining discovery from third-parties; however if this case was to go to trial in Philadelphia, this court lacks the ability to compel the attendance of unwilling witnesses who live in Indiana. Finally, to the extent [that] either party seeks a view of [Appellant's] former work locations, Indiana would provide easier access. For all of these reasons, the private factors weigh in favor of dismissal.

\* \* \*

Here, [Appellee] made a single argument concerning the public factors — Philadelphia juries should not be burdened by the claims of out-of-state plaintiffs who suffered injury in a foreign location. While [Appellee] accurately points out [Appellant] admitted he does not live in Philadelphia, work in Philadelphia, or get exposed to carcinogens in Philadelphia, [Appellant] also accurately stated that [Appellee] is headquartered in Philadelphia. At best, the public factors are equivocal.

For the reasons set forth above, this court, after weighing the private factors and the public factors qualitatively, determined weighty reasons existed to justify dismissal of [Appellant's] claims.

Trial Ct. Op. at 5-8 (some citations and footnote omitted).

Based on our review the record, we discern no abuse of discretion by the trial court in weighing the private and public interest factors. **_See Lyndes_**,

- 13 -

254 A.3d at 732, 735.[6] In addressing the private factors, the trial court acknowledged that Appellant identified four witnesses who formerly worked at Appellee's headquarters. However, the trial court concluded that because Appellant lived and primarily worked in Indiana, and all of his medical providers and records are located in Indiana, the private factors weighed in Appellee's favor. **See** Trial Ct. Op. at 6-7. The trial court also concluded that the public factors did not favor either party. **See id.** at 8. Because it is within the trial court's discretion to weigh some factors more heavily than others, the trial court did not abuse its discretion in concluding that the private factors weighed in favor of dismissal. **See Lyndes**, 254 A.3d at 737-38.

Further, insofar as Appellant contends that the trial court mischaracterized Appellant's responses to Appellee's requests for admissions, the trial court's factual findings are supported by the record. **See** Trial Ct. Op. at 5 (noting that Appellant admitted that he was never exposed to toxic substances in Philadelphia County as a result of his employment with Appellee); R.R. at 89a (same).

For these reasons, we affirm the order granting Appellee's motion to dismiss.

Order affirmed.

---

[6] As stated above, Appellant does not dispute that an alternate forum is available. Additionally, we discern no abuse of discretion in the trial court's analysis of this factor. **See** Trial Ct. Op. at 5; **see also Lyndes**, 254 A.3d at 732.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2022